### ERROR TO THE COMMON PLEAS IN CRIMINAL CASES.

SAMUEL STONE V. CITY OF COLUMBUS.

Decided, May 18, 1921.

*Review of Criminal Cases by the Common Pleas—Leave to File Must be Obtained—Prosecutions for Violation of Municipal Ordinances.*

1. Section 13751, G. C., provides for the review of certain criminal cases by the common pleas court of convictions in lower courts but does not modify Section 4551, G. C., and when it is sought to prosecute error in a criminal case from the municipal court, under an ordinance, leave of court or a judge thereof must first be obtained from the common pleas court.

2. Prosecutions of error in criminal cases arising under Section 1558-60, G. C., under a municipal ordinance are also controlled in their procedure by Section 4551, G. C., and leave must first be obtained from the common pleas court or a judge thereof, to file a petition in error, and when such leave is not obtained the court, upon motion, will strike the petition in error from the files.

*T. H. Hennessey*, for plaintiff in error.

*Charles A. Leach*, City Solicitor, and *Charles S. Best*, Assistant, for defendant in error.

SOWERS, J.

This case is before the court upon the defendant's motion to strike the petition in error from the files for the reason that it was filed without leave of this court and that the plaintiff in error has not entered into a proper recognizance as required by Section 13759, G. C.

The plaintiff in error was convicted in the court below for the illegal possession of intoxicating liquor and prosecutes error to this court.

This section of the General Code provides that there shall be no suspension in a misdemeanor case until the defendant enters into a recognizance in a sum fixed by the court. It is not contended that this provision of the statute has been complied with, nor is it a matter of any significance in the consideration of this case. The question before the court for determination is whether or not leave of the common pleas court

must be obtained to file a petition in error in a criminal case where error is prosecuted from the municipal court of Columbus.

Counsel for the plaintiff in error maintains that he has the right to prosecute error to this court from the municipal court under and by virtue of Section 13751, G. C., which among other things provides as follows:

"In a criminal case, including a conviction for a violation of an ordinance of a municipal corporation, the judgment or final order of the court or officer inferior to the common pleas court may be reviewed in the common pleas court," etc.

This section of the statute simply provides that in a criminal case, including a conviction for the violation of a criminal ordinance, that error may be prosecuted to the common pleas court from a court or officer inferior to the common pleas court. It is not disputed that this right exists, but counsel contend that this provision of our code permits the filing of a petition in error in the common pleas court without leave of court having been first obtained, and in support of this view cites the case of *Creadon* v. *State*, 24 C. C. (N. S.), page 264, wherein the court holds that:

"It is not necessary to obtain leave to file a petition in error in common pleas court to review a judgment of a police court in a criminal case."

The judges of this court base their opinion under the construction of Section 13751, G. C., formerly 7356, R. S., and subsequent sections and apply it to a conviction under a statute of the state. The court is correct in saying that the subsequent sections provide for the mode of procedure in prosecuting error authorized by this section, and that this section, unless modified by some other statute, permits the filing of a petition in error in a criminal case in the common pleas court without leave of such court, but they did not distinguish between an ordinance and a statute. When the court decided this case Section 4551, G. C. (1752, R. S.), was in existence and provided the conditions for the prosecution in error. This statute is as follows:

"Appeals may be taken from the decision of the mayor in civil cases in the same manner as from justices of the peace, but when a municipality extends into two or more counties the appeal shall be taken into the court of common pleas in the county in which one or more of the defendants reside. A conviction under an ordinance of any municipal corporation may be. reviewed by petition in error in the same manner and to the same extent as was heretofore permitted on writs of error and *certiorari* and the judgment of affirmance or reversal may be reviewed in the same manner, and for this purpose a bill of exceptions may be taken of a statement of facts embodied in the record on the application of any party, but no such petition shall be filed, except on leave of the court or a judge thereof, and such court or judge may suspend the sentence as in criminal cases." :

The latter part of this section provides "A conviction under an ordinance of any municipal corporation may be reviewed by petition in error * * * on the application of any party, but no such petition shall be filed except on leave of the court or a judge thereof," etc. There can be no doubt about the mode of procedure under this statute, but counsel for plaintiff in error insists that this general statute is restricted to mayor's courts.

Sections 4527 *et seq.*, provide for the jurisdiction of the mayor's court and Section 4534 provides that it is concurrent in felonies and other criminal proceedings with justices of the peace. It follows that the procedure on review would be the same in both courts, and Section 4551 would apply to them alike. In the law establishing a municipal court for the city of Columbus, Section 1558-51, G. C., subdivision 1 provides that the municipal court shall have and exercise original jurisdiction within the limits of the city of Columbus "in all actions and proceedings of which justices of the peace have or may be given jurisdiction." (Section 1558-54 provides that the municipal court shall have and exercise all jurisdiction now conferred by law or which may hereafter be given to police court.) Section 1558-55, G. C., provides that:

"All laws conferring power and jurisdiction upon police courts or justices of the peace, giving such courts or officers

power to hear and determine certain causes, prescribing the force and effect of their judgments or orders, and authorizing or directing the execution of enforcement thereof, shall be held to extend to the municipal court, unless inconsistent with the jurisdiction conferred upon said court by this act, or clearly unapplicable.''

From an examination of these sections it is apparent that all jurisdiction which was formerly conferred upon mayor's courts, justices' of the peace courts or police courts was combined and conferred upon the municipal court, subject to the other and general provisions of the General Code. Section 1558-60, G. C., provides that:

''In all criminal cases and proceedings the practice and procedure and mode of bringing and conducting prosecutions for offenses and the power of the court in relation thereto, shall be the same as those which are now, or may hereafter be, conferred upon police courts in municipalities.''

And Section 1558-75, G. C., provides that:

''Proceedings in error may be prosecuted to the court of common pleas of Franklin county from a judgment or final order of the municipal court in the same manner and under the same conditions, including the proceedings for stay of execution, as provided by law for proceedings in error from the court of common pleas to the court of appeals.'' etc.

It is obvious that Section 1558-75 was not intended to nor does it modify the procedure in criminal cases as stated in Section 1558-60 otherwise there was no reason for inserting this section in the municipal code. It logically follows that Section 1558-75 applies to civil cases only, where error may be prosecuted from the municipal court to the common pleas court as provided for proceedings in error from the common pleas court to the court of appeals. Section 4551, G. C., was in effect at that time, and provided the mode of procedure in certain criminal cases in error proceedings from the lower courts to the common pleas court. This procedure was not modified by the municipal code, but it provided that the procedure shall be the same as those which are now or may hereafter be conferred

upon police courts in municipalities. This mode of procedure was provided in Section 4551 and nothing in the municipal code modifies this provision of the statute, which requires that petitions in error in cases of this character can only be filed when leave of court is granted.

A similar question to the one at bar was passed upon by our supreme court in the case of *Canfield* v. *Brogst,* 71 O. S., 42, reviewing the case found in 3 C. C. (N. S.), 575; 14 O. C. D., 555. The supreme court in commenting on Section 13751, G. C., in *Canfield* v. *Brobst,* 71 O. S., pp. 46-47, says:

"No doubt such case may be reviewed in the common pleas court, but the provision does not pretend to modify Section 1752 (4551, G. C.), which prohibits the filing of a petition in error in court to review a conviction for violation of an ordinance except on leave of court or a judge thereof."

The court is, therefore, of the opinion that leave of the common pleas court or a judge thereof must first be obtained, when error is prosecuted from the municipal court to this court under a criminal conviction for the violation of a city ordinance.

The motion of the defendant in error is sustained, and the petition in error is ordered stricken from the files for the reason that leave of court was not obtained when it was filed in this court, and mandate is ordered sent to the municipal court in accordance with this decision.